SCHREIBER and others, who sue as well for the United States as for themselves, *v.* THORNTON.[2]

*(District Court, E. D. Pennsylvania.   April 24, 1883.)*

1. COPYRIGHT—COPYING AND PUBLISHING COPYRIGHTED PHOTOGRAPH—CONSTI-TUTIONALITY OF REV. ST. §§ 4952 AND 4965—POWER OF CONGRESS TO SECURE COPYRIGHT TO PROPRIETOR OF A PHOTOGRAPH.
   The act of congress (Rev. St. §§ 4952 and 4965) securing a copyright to the proprietor of a photograph, and imposing a penalty for the infringement of such copyright, is constitutional.

2. QUI TAM ACTION—PENALTY FOR THE INFRINGEMENT OF COPYRIGHT TO THE PROPRIETORS OF A PHOTOGRAPH.
   In an action by several persons, being the proprietors of a duly copyrighted photograph, to recover, as well for the United States as for themselves, the penalty for infringement provided by section 4965, it appeared that the defendant had caused lithographic copies of the photograph to be made, of which 14,800 were found in his possession or control. *Held,* that the defendant was liable to a penalty of one dollar for each copy so found in his possession or control.

Motion for a New Trial.

This was a *qui tam* action, pursuant to section 4965, Rev. St., brought by Francis Schreiber and others, suing as well for the United States as for themselves, against Edward B. Thornton, to recover a statutory penalty for the copying, printing, publishing, selling, and exposing to sale by the defendant of a photograph, copyrighted by plaintiffs.   The defendant pleaded "not guilty."   The facts appearing upon the trial were similar to those disclosed by the evidence in a former trial for the same matter, and fully reported in *Schreiber* v. *Sharpless,* 6 FED. REP. 175.   The plaintiffs, being photographers, had made and copyrighted, as proprietors, a certain photograph, the title thereof being "The Mother Elephant 'Hebe' and her baby 'Americus,' the first known to have been born in captivity in the world. *Born* at Philadelphia, United States, March 10, 1880.  The property of Cooper and Bailey."   Notice of the copyright was printed on each copy of the photograph.   The defendant had charge of the dry goods department of the business house of Sharpless & Sons, dealing in general merchandise, and desired a new label for certain goods.   He purchased one of plaintiff's photographs, took it to a lithographer, and caused a lithographic copy thereof to be made, and 15,200 copies

[2] Reported by Albert B. Guilbert, Esq., of the Philadelphia bar.

thereof to be printed for labels. Four hundred of these were distributed as labels on cambrics, and as circulars, and 14,800 of them were subsequently found in the store in defendant's department, and in his possession or under his control. The court instructed the jury that under these circumstances the defendant was liable to a penalty of one dollar for every sheet of such copy found in his possession or under his control. The verdict was against the defendant for $14,-800, and 6 cents costs. Whereupon the defendant moved for a new trial. McKennan, J., was present at the argument of the rule.

*H. P. Brown,* Ass't Dist. Atty., and *John K. Valentine,* Dist. Atty., for the United States.

*A. Sydney Biddle,* for plaintiffs.

*E. Hunn, Jr.,* for defendant.

The act of congress (section 4952) securing a copyright to the proprietor of a photograph, and in this case to a firm composed of several persons, and (section 4965) imposing a penalty for infringement, is unconstitutional, since by article 1, § 8, cl. 8, of the constitution, power is conferred upon congress "to promote the progress of science and useful arts, by securing for limited times to authors and inventors the exclusive right to their respective writings and discoveries," and a mere proprietor is neither an author nor inventor, and a photograph of a natural object, as an elephant, is not a subject for such protection, within the meaning of the constitution.

BUTLER, J. The denial of constitutional warrant for the statute authorizing the plaintiff's copyright, raises an important question. To justify this court in declaring the statute invalid, however, the fact should be reasonably free from doubt. Under the circumstances, I think the question should be left to the court of review.

The other points made are not sustained, and judgment must therefore be entered on the verdict.

Rule discharged.

*Vide Sarony* v. *Burrow-Giles Lithographic Co., ante,* 591, [S. C. Daily Register, vol. 23, No. 132,] wherein COXE, J., sustains the constitutionality of the same act in an action for the infringement of a copyrighted photograph of Oscar Wilde.—[REP.